IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

BILLIE FRANCES MCLEMORE,
EXECUTRIX OF THE ESTATE
OF WILLIAM RALPH MCLEMORE,

    Plaintiff-Appellee,

                                 C.A. No. 02A01-9702-CH-00030

Vs.                         Gibson Chancery No. 7689

J. W. POWELL,

    Defendant-Appellant,



**FILED**

RAYMOND NELSON,

**July 31, 1997**

    Defendant.

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FROM THE GIBSON COUNTY CHANCERY COURT
THE HONORABLE GEORGE R. ELLIS, JUDGE

William F. Kendall, III; Gregory A. Petrinjak
Waldrop & Hall, P.A., of Jackson
For Appellee

Thomas E. Harwood of Trenton
For Appellant

***REVERSED AND DISMISSED***

Opinion filed:

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

    This is a suit to collect a debt owing from a purchase of cattle. Defendant, J. W. Powell (Powell), appeals the judgment of the trial court finding that there was an agency relationship between Powell and his co-defendant, Raymond Nelson (Nelson), and awarding the plaintiff,

Ralph McLemore (McLemore), a judgment against Powell in the amount of $9,867.98.[1]

In November 1987, McLemore sold Nelson sixty-seven head of cattle at $350.00 a head. Nelson then sold forty-five head of the cattle at a cattle auction in McLemore's name, and the checks in payment for the cattle were payable to McLemore. McLemore endorsed some of the checks that he received from the sale of the cattle over to Nelson. In return, Nelson gave McLemore a signed, blank note. McLemore later filled in the note for the amount of $27,500.00 and contends that Nelson assured him that Powell, as Nelson's principal, would make payment within ninety days. Powell and McLemore had entered into six transactions before this date that were negotiated by Nelson on Powell's behalf. Neither Nelson nor Powell paid McLemore for the cattle in this particular transaction.

On December 30, 1988, McLemore filed a complaint against Nelson and Powell alleging, *inter alia*, that Nelson negotiated the sale of sixty-seven head of cattle with McLemore and that Nelson was acting as Powell's agent or representative in the sale. In the complaint, McLemore avers that Nelson executed a promissory note in the amount of $27,500.00 on behalf of Powell, that Powell admitted to McLemore that Nelson was his agent or representative in the sale of the cattle, and that Powell obtained ownership of the cattle pursuant to the transaction. McLemore further avers that Powell paid $4,000.00 of the $27,500.00, but that McLemore has not received the remaining $23,500.00 due under the promissory note. In Count I of the complaint, McLemore demands payment of the promissory note from Powell, pursuant to T.C.A. § 47-2-201 *et seq.*, for the transaction entered into by Nelson on Powell's behalf, plus attorney's fees and interest. In Count II of the complaint, McLemore avers that Nelson and Powell violated certain maxims of equity and demands judgment in the amount of $23,500.00, plus attorney's fees and interest.

On February 1, 1989, Powell filed an answer admitting that Nelson executed a promissory note for the purchase of the cattle from McLemore, but denying all of the material allegations in the complaint, including that Nelson was acting as his agent or representative in the sale. Also on February 1, 1989, Powell filed a cross-claim against Nelson averring that Nelson would be liable to Powell should McLemore obtain a judgment against Powell. On August 8, 1989, Nelson filed an answer in which he admitted that he signed a blank note after buying some cattle from McLemore and that the note was part of the proceeds for the payment

_____

[1] McLemore died on May 22, 1996. The executrix of his estate, Billie Frances McLemore, who is also his widow, revived the action in her name.

of cattle that he bought from McLemore. Nelson alleges, however, that McLemore received most of the proceeds for the cattle and that Nelson signed the blank note for the small balance remaining after the sale and payment. On October 1, 1991, Powell filed an amended answer raising the Statute of Frauds in T.C.A. § 47-2-201 and § 29-2-101 and a lack of consideration as additional defenses. Also on October 1, 1991, Powell filed a motion for summary judgment. After a hearing, the trial court entered an order on January 25, 1993 granting summary judgment in favor of Powell and dismissing the action as to Nelson.

McLemore appealed the judgment of the trial court to this Court, and in an opinion dated February 24, 1994, this Court held that there was a material fact in dispute as to the existence of an agency relationship between Powell and Nelson at the time of the transaction. *See McLemore v. Powell*, No. 02A01-9302-CH-00043, 1994 WL 53643, at *4 (Tenn. App. Feb. 24, 1994). This Court further held that T.C.A. § 29-2-101 was inapplicable, but that if the proof established an agency relationship, McLemore's claim "may indeed fall within the exceptions set forth in T.C.A. § 47-2-201." *Id.* at *4-5. Accordingly, this Court reversed the grant of summary of judgment and remanded the case for trial. *Id.* at *5.

On November 17, 1995, Nelson filed a motion to amend his answer to add that McLemore's right of action accrued on November 4, 1987. In the proposed amendment, Nelson asserted that McLemore had not amended his complaint to assert a right of action for breach of contract and that such a claim was now barred by the statute of limitations. The trial court entered an order granting this motion on January 11, 1996.

After a bench trial, the trial court entered an order on August 29, 1996 incorporating the following findings by reference. The trial court found that Nelson purchased sixty-seven head of cattle from McLemore at $350.00 per head for a total of $23,450.00. The trial court further found that Nelson took approximately forty-five head of cattle and sold them at an auction, but instructed the sale barn to issue the checks for the proceeds in McLemore's name. The trial court then found that McLemore endorsed $13,582.02 in checks over to Nelson at his request, that Nelson promised to pay McLemore back in sixty to ninety days, and that Nelson signed a blank document to evidence the debt. McLemore later filled in the amount portion of the document in the amount of $27,500.00, which included $4,000.00 that is not part of this suit. The trial court found that Nelson was acting as Powell's agent in the original transaction and that the document in question fell within an exception to the Statute of Frauds. The trial court also found

3

that Nelson was not acting as Powell's agent when McLemore endorsed the checks for the sale of the cattle over to Nelson and that the amount owing as a result of this transaction, which was in effect a loan from McLemore to Nelson, was Nelson's individual debt. Finally, the trial court awarded McLemore a judgment against Powell in the amount of $9,986.98 for the difference between the note and the amount owing under the original cattle purchase agreement.

Powell appeals the judgment of the trial court and presents six issues for review:

> (1) Whether the evidence supports the verdict when the depositions of the decedent, McLemore, and the defendant, Powell, were not read into the record, but were filed as exhibits in violation of Tenn. R. Civ. P. 32.01.

> (2) Whether the trial court erred when it failed to dismiss the suit upon motion of the defendant, Powell, because the complaint reflected on its face that McLemore was suing on a note, but McLemore and his counsel admitted that the note was merely a record of the transaction and argued that McLemore was entitled to a judgment under the equitable counts of the complaint.

> (3) Whether the defendant Nelson was an agent of Powell in the transaction out of which this lawsuit arose.

> (4) Whether the provisions of T.C.A. § 47-3-401 are applicable to the note in this case.

> (5) Whether the provisions of T.C.A. § 47-3-403 are applicable to the note in this case.

> (6) Whether the defendant Powell is relieved of liability under the Statute of Frauds in T.C.A. § 47-2-201.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

In his first issue, Powell contends that the evidence does not support the judgment in this case. He points out that the trial court must have relied on McLemore and Powell's depositions, which were admitted as exhibits at trial, in making its decision because the trial court could not have found that there was an agency relationship otherwise. Powell argues that the depositions were not evidence that the trial court could properly consider because the depositions were improperly admitted as exhibits. In support of his argument, Powell relies on *Nelms v. Tennessee Farmers Mutual Insurance Co.*, 613 S.W.2d 481 (Tenn. App. 1978), and *Doochin v. United States Fidelity & Guaranty Co.*, 854 S.W.2d 109 (Tenn. App. 1993), for the proposition that depositions may not be admitted as exhibits at trial.

The ***Tennessee Rules of Civil Procedure*** provide the following with respect to the use of depositions in court proceedings:

> **32.01. Use of Depositions.** — At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
>> (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
>>
>> (2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a public or private corporation, partnership or association, governmental agency or individual proprietorship which is a party may be used by an adverse party for any purpose.
>>
>> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena or the witness is exempt from subpoena to trial under T.C.A. § 24-9-101; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. Notwithstanding the foregoing provisions, depositions of experts taken pursuant to the provisions of Rule 26.02(4) may not be used at the trial except to impeach in accordance with the provisions of Rule 32.01(1).

Tenn. R. Civ. P. 32.01(1)-(3).

The cases on which Powell relies are distinguishable from this case. Those cases involved jury trials, whereas this case involved a bench trial. As stated in ***Campbell County Board of Education v. Brownlee-Kesterson, Inc.***, 677 S.W.2d 457 (Tenn. App. 1984), "If the deposition is admissible it may be read to the trier of facts by counsel or may simply be handed to the Judge for his reading if the Judge happens to be the trier of facts." ***Id.*** at 463-64.

Obviously, in a jury case it would not be feasible to allow each juror to read the depositions.

In this case, the use of McLemore's deposition is clearly authorized by Tenn. R. Civ. P. 32.01 (3)(A) because McLemore died before the trial of this cause. Additionally, the use of Powell's deposition was proper as well because Tenn. R. Civ. P. 32.01(2) provides that the deposition of an adverse party may be used for any purpose.

Powell contends that the use of his deposition was improper because he was present at the trial and able to testify. In *Ball v. Overton Square, Inc.*, 731 S.W.2d 536 (Tenn. App. 1987), the plaintiff's attorney read the deposition of the defendant company's president into the record at a jury trial. *Id.* at 539. On appeal, the defendant company challenged the use of the deposition because its president was present during the reading of the deposition and testifying at the trial. *Id.* This Court noted that Tenn. R. Civ. P. 32.01 "clearly provides that a party may use the deposition of an adverse party for any purpose." *Id.* Consequently, the Court held that the trial court did not err in allowing the deposition to be read into the record, even though the company's president was present and testifying at the trial. *Id.*

Although these depositions were admitted as exhibits at trial and not simply filed as part of the record, this is merely form over substance and will be considered as filed and part of the record. It is clear that these depositions were evidence that could be considered by the trial court, and the trial court was well within its province as the trier of fact to consider them in this manner. This issue is without merit.

We next address Powell's second issue. In his second issue, Powell contends that the trial court erred in failing to dismiss the suit. Powell asserts that McLemore's complaint reflected on its face that he was suing on a note, but that McLemore and his counsel both admitted that the document at issue was never intended to be a note, but merely a record of the transaction. Powell argues that, despite McLemore's assertions to the contrary, McLemore is not entitled to a judgment under the equitable counts of the complaint under the theory that the note is merely a record of the transaction.

McLemore, on the other hand, contends that the trial court found that Powell is liable under the oral contract to purchase cattle that Nelson entered into on his behalf. McLemore argues that Powell's liability arises out of his agreement to a contract, and not out of the note, and that this contract is contemplated under the equitable counts of the complaint.

The trial court in this case found that Nelson was acting as Powell's agent when he

6

purchased cattle from McLemore in November 1987, and the trial court rendered a judgment against Powell for the amount owing under this alleged contract. The complaint in this case merely demands payment of the promissory note and a judgment under the principles of equity. The complaint does not seek to recover for a breach of contract, nor has McLemore amended his complaint to bring such a cause of action. Moreover, we fail to see that a cause of action for breach of contract is encompassed within the second count of the complaint.

Because the case went to trial despite the fact that pleadings did not encompass a cause of action for breach of contract, we must determine whether this issue was tried by the implied consent of the parties under Tenn. R. Civ. 15.02. The Rule reads in pertinent part as follows:

> **15.02. Amendments to Conform to the Evidence. —** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Tenn. R. Civ. P. 15.02. Implied consent hinges on the issues that were actually litigated by the parties, and the failure to amend or to request to amend is not dispositive. *Zack Cheek Builders, Inc. v. McLeod*, 597 S.W.2d 888, 890 (Tenn. 1980).

Generally speaking, trial by implied consent will be found when the party opposed to the amendment knew or reasonably should have known of the evidence relating to the new issue, did not object to this evidence, and was not prejudiced thereby. *Id.* As the Tennessee Supreme Court stated in *Zack Cheek Builders, Inc. v. McLeod*:

> "Implied consent . . . is much more difficult to establish (than express consent) and seems to depend on whether the parties recognized that an issue not presented by the pleadings entered the case at trial. A party who knowingly acquiesces in the introduction of evidence relating to issues that are beyond the pleadings is in no position to contest a motion to conform. Thus, consent generally is found when evidence is introduced without objection, or when the party opposing the motion to amend himself produced evidence bearing on the new issue."

*Id.* (quoting 6 Wright & Miller, *Federal Practice and Procedure* § 1493, at 462-63 (1971)). Trial by implied consent is not shown by the presentation of evidence that is relevant to an unestablished issue when that evidence is also relevant to the established issue. *Hiller v. Hailey*, 915 S.W.2d 800, 805 (Tenn. App. 1995) (citations omitted).

In this case, Powell made an oral motion to dismiss the suit on the ground that McLemore was not seeking recovery on the note, but on the original contract, and that this was not

encompassed within his pleadings. In fact, Powell repeatedly pointed out to the trial court that McLemore and his counsel both admitted that the note was not a note, but merely a record of the transaction. The trial court reserved its ruling on Powell's motion, however, the trial court never ruled on the motion and eventually rendered a verdict in this case without having done so. Nonetheless, Powell made known his objection to the trial of this issue.

Additionally, the evidence introduced at trial on the contract for the purchase of cattle did not fall outside the scope of the issues raised by the pleadings so as to constitute implied consent to the trial of a separate claim for breach of contract. The surrounding circumstances, including the evidence as to whether Nelson was acting as Powell's agent when he entered into the alleged contract, were relevant to the issue of whether Nelson was acting as Powell's agent when he executed the promissory note. Because the evidence concerning the contract was relevant to the claim on the promissory note, it cannot be said that a separate breach of contract claim was tried by the implied consent of the parties.

Under the principles above, we cannot say that the issue of the breach of contract was tried by the implied consent of the parties. The trial court erred in failing to dismiss the suit and in rendering a judgment in favor of McLemore because a cause of action for a breach of contract was neither contained in the complaint nor tried by the express or implied consent of the parties. All other issues are pretermitted.

Accordingly, the judgment of the trial court is reversed, and the case is dismissed. Costs of this appeal are taxed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**

8